# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

KIRKLYNN FERRELL,

    *Petitioner,*

v.                                  **CASE NO. 4:15cv220-MW/EMT**

JULIE L JONES,

    *Respondent.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## AND DENYING 28 U.S.C. § 2254 PETITION

    This matter is before the Court on ECF No. 44, the Report and
Recommendation of the Magistrate Judge.   The parties have been furnished
a copy of the Report and Recommendation and have been afforded an
opportunity to file objections pursuant to Title 28, United States Code,
Section 636(b)(1).  Plaintiff has filed objections at ECF No. 47.  I have made a
de novo review based on those objections.  Having considered the Report and
Recommendation, and the timely filed objections, I have determined that the
Report and Recommendation should be accepted.   The Magistrate Judge's
rulings on Grounds Two through Six are accepted and incorporated herein
without further discussion.  This Court also accepts the Magistrate Judge's

ruling on Ground One, but adds the following discussion as that ground

presents the closest issue.

In Ground One petitioner argues that trial counsel was ineffective for

failing to move for a mistrial immediately after the trial judge continued

polling the jurors after Juror Hall stated that the guilty verdict on certain

counts was hers but "with regrets." This constituted an inquiry into the

numerical division of the jury which requires an immediate mistrial. The

Florida Supreme Court in *Scroggins v. State*, 726 So. 2d 762, 765 (Fla. 1999),

held that a trial court does not commit per se reversible error when it

enquires into the numerical division of a jury during deliberations. Instead,

the Court cited the Fourth Circuit opinion in *Scroggins v. State*, which

concluded as follows:

> [W]e disagree with *Brasfield*, and the third district's implication in
> *Rodriguez*, that such questioning is per se reversible error. The better
> view is to analyze the judge's inquiry under the totality of the
> circumstances to determine if the trial court's actions had an
> improperly coercive influence upon the jury.

*Scoggins v. State*, 691 So. 2d 1185, 1188 (Fla. Dist. Ct. App. 1997), approved,

726 So. 2d 762 (Fla. 1999).

Here, it was not unreasonable for the state court to conclude that,

under the totality of the circumstances, the judge's inquiry was not

improperly coercive. First, the trial judge revealed on the record several

times her concern that proper procedures be followed so as not to intrude

upon the province of the jury. Second, while the judge briefly questioned the juror, she did not require the juror to effectively vote in the courtroom. The judge stopped her questioning once she determined that the juror's concerns appeared to be factual rather than legal. That is, the juror appeared to be concerned with whether the defendant acted intentionally or willfully. At that point, the judge brought in the other jurors, read Florida's standard jury deadlock jury instruction, and sent the jurors back to continue deliberating. Third, while speaking with the juror, the judge frequently reminded her that it was permissible for a jury to not return a verdict; the judge did not pressure her with descriptions of the time and expense associated with the trial. Also, Florida's standard jury instruction 4.1 does not instruct the jury that they must reach a verdict:

> We are all aware that it is legally permissible for a jury to disagree. There are two things a jury can lawfully do: agree on a verdict or disagree on what the facts of the case may truly be. . . . If you disagree over what you believe the evidence showed, then only you can resolve that conflict, if it is to be resolved.

For these reasons, any coercive effect of polling the remaining juror after Juror Hall's response was ameliorated by the judge's actions and statements before returning the jury to the jury room for more deliberations. Thus, any motion for a mistrial at that point would not have been successful. At the very least, fairminded jurists could debate whether the procedures used by the trial judge were so coercive as to require a mistrial. Therefore, under the

deferential standard of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, federal habeas relief is precluded.

Also, although the title of Ground One in the Petition only mentions ineffectiveness of trial counsel, the petitioner raises a trial error claim wrapped in an ineffectiveness of appellate counsel claim. Petitioner argues that his failure to raise the trial error claim on appeal should be excused because appellate counsel was ineffective for failing to argue that the trial judge erred in creating a coercive environment and declining to order a mistrial after Juror Hall's response. For the reasons given above, however, it was not unreasonable for the state court to conclude that the actions of the trial judge were not improperly coercive and thus did not constitute trial error. Therefore, the state court was not unreasonable in rejecting petitioner's and ineffective assistance of appellate counsel claim because the omitted argument had no reasonable probability of success on appeal.

Accordingly,

**IT IS ORDERED:**

The Report and Recommendation of the Magistrate Judge, ECF No. 44, is accepted and incorporated herein. The Clerk is directed to enter the following judgment: "The Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus, ECF No. 1, is denied.  A certificate of appealability is

denied."  The Clerk shall close the file

**SO ORDERED on January 31, 2018.**

<u>**s/Mark E. Walker**</u>
**United States District Judge**